## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RODERICK W. CAMPBELL

      Applicant,

v.                            Case No. 8:16-cv-2189-T-60CPT

SECRETARY, Department of Corrections,

      Respondent.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

      Roderick W. Campbell applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for carrying a concealed firearm and for possession of a firearm by a convicted felon, for which convictions Campbell serves thirty years imprisonment. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 12). The Respondent admits the application's timeliness. (Doc. 12 at 3).

## Background[1]

      Melvin Burnham, a confidential informant working for the Tampa Police Department, purchased from Campbell $20 worth of crack cocaine in a "buy bust" operation. After Burnham alerted the police of the purchase, Campbell was arrested. Officer Daniel Evers discovered a firearm in Campbell's waistband. Campbell was charged in case number 07-CF-14574 with carrying a concealed

---

[1] This factual summary derives from Campbell's brief on direct appeal and the record. (Respondent's Exhibits 3, 9, and 10).

firearm, possession of cocaine, and delivery of cocaine, and he was charged separately in case number 07-CF-16460 with possession of a firearm by a convicted felon. Campbell successfully moved to consolidate the cases for trial. A jury convicted Campbell of the two firearm charges and acquitted him of the two drug charges. Campbell was sentenced as a violent career criminal to thirty years imprisonment for the firearm possession conviction and to a concurrent term of five years imprisonment for carrying a concealed firearm.

## I. Exhaustion and Procedural Default

The Respondent correctly argues that Grounds One, Two, Three, Four, Five, Fifteen, and Sixteen are procedurally barred from federal review.[2]

### Grounds One, Two, and Five

In Ground One, Campbell contends that the prosecutor failed to prove that the weapon used in the crimes is a "firearm" under Florida law because no expert witness testified that the "alleged firearm" was tested to determine whether the weapon could expel a projectile. In Ground Two, Campbell contends that the trial court erred by allowing the prosecutor to make allegedly improper remarks during closing argument. In Ground Five, Campbell contends that the trial court lacked

---

[2] In Ground Three, Campbell contends that the police lacked probable cause to arrest him and that "the search and seizure that followed w[ere] unlawful and violated the Defendant's Fourth Amendment right against unreasonable searches and seizures." (Doc. 1 at 11). In Ground Four, Campbell contends that the evidence was insufficient to establish that he actually possessed a firearm. The Respondent correctly argues that both Ground Three and Ground Four are procedurally barred. (Doc. 12 at 13-14). Campbell does not oppose the Respondent's assertion of the procedural bar. In his reply, Campbell states as to both Ground Three and Ground Four that he "will concede and not reply to this ground." (Doc. 16 at 7). Accordingly, Campbell is not entitled to relief on either ground.

jurisdiction to either issue the information or to try the case based on a violation of Florida Rule of Criminal Procedure 3.140(g).

Campbell asserts no federal constitutional violation in either Ground One, Ground Two, or Ground Five. When he presented each of these grounds to the state court on direct appeal, Campbell asserted only a violation of state law.[3] (Respondent's Exhibit 9 at 7-10 and Respondent's Exhibit 10 at 9-10, 12-17). Affording the application a generous interpretation, *see Haines v. Kerner*, 404 U.S. 519 (1972), to the extent that Campbell asserts a federal due process violation based on the allegations presented in either Ground One, Ground, Two, or Ground Five of the federal application, he cannot obtain relief because a federal due process claim is unexhausted.

Before a federal court can grant habeas relief, an applicant must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (C). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue

---

[3] Campbell alleges in his reply to Ground Five that he "federalized" this ground in his direct appeal brief by citing *Gerstein v. Pugh*, 420 U.S. 103 (1975). (Doc. 16 at 8). *Gerstein* holds that the Fourth Amendment "requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." 420 U.S. at 114. Citing *Gerstein* does not "federalize" a due process claim based on either a lack of subject matter jurisdiction or an alleged violation of a state procedural rule.

in the state courts.") (citations omitted). To exhaust a claim, an applicant must present the state court with both the particular legal basis for relief and the facts supporting the claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

"If the [applicant] has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, an applicant "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, an applicant must demonstrate not only that an error at the trial created the possibility of prejudice, but that the error worked to his actual and substantial disadvantage and infected the entire trial with "error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). In other words, an

applicant must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892.

Absent a showing of cause and prejudice, an applicant may obtain federal habeas review of a procedurally defaulted claim only if review is necessary to correct a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A fundamental miscarriage of justice occurs if a constitutional violation has probably resulted in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet the "fundamental miscarriage of justice" exception, an applicant must show constitutional error coupled with "new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

State procedural rules preclude Campbell from returning to state court to present his federal due process claims in a second direct appeal, rendering the claims procedurally defaulted. Campbell fails to demonstrate cause for the default of his claims because he fails to show that some "external factor" prevented him from raising the federal claims on direct appeal. *Wright*, 169 F.3d at 703. Campbell likewise fails to establish prejudice because he does not show that the alleged errors infected the entire trial with constitutional error. *Frady*, 456 U.S. at 170. He cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327.

Because Campbell satisfies neither exception to procedural default, Ground One, Ground Two, and Ground Five are procedurally barred from federal review.

## Ground Fifteen

Campbell contends that he was denied his right to a fair trial "because the Assistant State Attorney committed fraud upon the court to invoke jurisdiction without the alleged sworn statement from the true State's material witness." (Doc. 1 at 28). Campbell claims that the prosecutor "did not receive sworn testimony from Officer Daniel Evers, the material witness in this case, before signing the information as constitutionally required by Rule 3.140(G)." (*Id.* at 29). Campbell alleges in his reply that "[t]his failure is clearly a violation of the Petitioner's constitutional right to effective counsel, a fair impartial trial and substantial [sic] and procedural due process of law." (Doc. 16 at 19). The Respondent argues that this ground is unexhausted and procedurally barred.

Campbell presented this ground to the state post-conviction court in his amended Rule 3.850 motion. (Respondent's Exhibit 15 at 44-47). The state post-conviction court denied this ground as follows:

> [T]he Defendant alleges the prosecutor committed fraud when he lied by stating he received sworn testimony from a material witness prior to filing an information. Claims of prosecutorial misconduct could and should have been raised on direct appeal and are therefore procedurally barred from consideration in a postconviction motion. *Spencer v. State*, 842 So. 2d 52 (Fla. 2003). Further, a claim that the prosecutor failed to receive sworn testimony from a material witness prior to filing the information cannot be raised once the Defendant has entered a plea to the merits of the charge. *See Logan v. State*, 1 So. 3d at 1254-55. As such, the Defendant is not entitled to relief on this ground.

(Respondent's Exhibit 16 at 8).

The failure of a federal habeas applicant to adhere to state procedural rules governing the proper presentation of a claim generally bars federal review of that claim in a subsequent federal habeas corpus proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 754 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 (1977); *Sims v. Singletary*, 155 F.3d 1297, 1311 (11th Cir. 1998). "However, a state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). A state court's procedural ruling constitutes an independent and adequate state rule of decision if (1) the last state court rendering a judgment in the case clearly and expressly states that it is relying on a state procedural rule to resolve the federal claim without reaching the merits of the claim, (2) the state court's decision rests solidly on state law grounds and is not "intertwined with an interpretation of federal law," and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion," or in a "manifestly unfair manner." *Id.*

The state post-conviction court's denial of Campbell's ground is based on a state procedural rule that is not intertwined with an interpretation of federal law. The state post-conviction court's finding that the ground was not cognizable in a Rule 3.850 motion rests on an independent and adequate state ground that precludes federal habeas review. *See Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (noting that a state appellate court's *per curiam* affirmance of the lower

court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state law ground barring federal review); *see also Harris v. Reed*, 489 U.S. 255, 262 (1989) ("[A] federal claimant's procedural default precludes federal habeas review, like direct review, only if the last state court rendering a judgment in the case rests its judgment on the procedural default.").

Accordingly, Campbell's prosecutorial misconduct claim is procedurally defaulted. Campbell fails to demonstrate cause and prejudice excusing the default. *Carrier*, 477 U.S. at 495-96. He cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327. Because Campbell satisfies neither exception to procedural default, Ground Fifteen is procedurally barred from federal review.

**Ground Sixteen**

Campbell contends that he "is being held in the Department of Corrections unlawfully where the trial court violated the separation of powers doctrine which in turn violated the Petitioner's due process rights under Article (I) section[s] 9 and 16 of the Florida Constitution and the Fifth and Fourteenth Amendments of the United States Constitution."[4]   (Doc. 1 at 29). Campbell alleges that "the trial court

---

[4] To the extent that Campbell asserts a violation of the Florida Constitution, he cannot obtain federal relief because such a claim is not cognizable on federal review. Federal habeas relief for a person in custody pursuant to the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990). A state's interpretation of its own laws provides no basis for federal habeas relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to re examine state-court determinations on state law questions.").

committed a fundamental error which led to a grave miscarriage of justice and a right to due process violation that ultimately created a manifest injustice when the trial judge, William Fuente, decided to play the role of 'executive branch' of the government (state attorney) and white out a portion of the information in case number 07 CF 016460, altering it from its original text once the laches of jeopardy had been attached by the selecting and swearing in of the jury to hear evidence, thus rendering the information defective." (Doc. 1 at 29). Campbell argues in his reply that "the error was harmful to the Petitioner because the trial judge stepped outside of his impartial role and committed a fundamental error." (Doc. 16 at 20). He further argues that "this plain error is clearly a violation of the Petitioner's constitutional right to effective counsel, a fair and impartial trial, and substantial [sic] and procedural due process of law."[5] (Id.)

Campbell presented this ground to the state appellate court in his state habeas petition, which petition the court denied without elaboration. (Respondent's Exhibits 33 and 34). As the Respondent correctly argues, Campbell could have raised this ground at trial and on direct appeal. Campbell did not properly present this ground to the state court pursuant to the firmly established state procedural rule that habeas corpus cannot be used to litigate an issue that could have been

---

[5] Campbell did not present to the state appellate court in his state habeas petition a federal fair trial claim or a claim of ineffective assistance of either trial or appellate counsel. To the extent that Campbell asserts these claims as independent bases for relief, he cannot prevail because he did not exhaust the claims in the state court. Campbell cannot return to the state court to present the claims in either a second direct appeal or an untimely and successive Rule 3.850 motion, resulting in a procedural default. He cannot satisfy either the cause and prejudice exception or the fundamental miscarriage of justice exception to overcome the default. Consequently, the claims are procedurally barred from federal review.

raised on direct appeal.  *See Breedlove v. Singletary*, 595 So. 2d 8, 10 (Fla. 1992) ("Habeas corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal."); *see also Ousley v. Sec'y for Dep't of Corr.*, 269 F. App'x. 884, 887 (11th Cir. 2008) (citations omitted) (recognizing the well-established Florida procedural rule that a prisoner may not use a state habeas petition to collaterally attack his conviction or sentence).

Accordingly, Campbell's federal due process claim, based on an alleged violation of the separation of powers doctrine, is unexhausted.  *See Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) (noting that a state habeas petitioner who "attempts to raise [a claim] in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default").  State procedural rules preclude Campbell from returning to state court to present a federal due process claim in a second direct appeal, rendering the claim procedurally defaulted.  Campbell fails to demonstrate cause and prejudice excusing the default.  *Carrier*, 477 U.S. at 495-96. He cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent.  *Schlup*, 513 U.S. at 327.  Because Campbell satisfies neither exception to procedural default, Ground Sixteen is procedurally barred from federal review.

## II. MERITS

The remaining grounds in the application are exhausted and entitled to review on the merits.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Campbell's application. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that

reached by this Court on a question of law or if the state court decides
a case differently than this Court has on a set of materially
indistinguishable facts. Under the "unreasonable application" clause, a
federal habeas court may grant the writ if the state court identifies the
correct governing legal principle from this Court's decisions but
unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established
federal law is objectively unreasonable, . . . an unreasonable application is different
from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002). "As a condition for
obtaining habeas corpus from a federal court, a state prisoner must show that the
state court's ruling on the claim being presented in federal court was so lacking in
justification that there was an error well understood and comprehended in existing
law beyond any possibility for fairminded disagreement." *Harrington v. Richter*,
562 U.S. 86, 103 (2011); *see White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical
point is that relief is available under § 2254(d)(1)'s unreasonable-application clause
if, and only if, it is so obvious that a clearly established rule applies to a given set of
facts that there could be no 'fairminded disagreement' on the question . . . .")
(quoting *Richter*); *Woods v. Donald*, 575 U.S. 312, 316 (2015) ("And an
'unreasonable application of' those holdings must be objectively unreasonable, not
merely wrong; even clear error will not suffice.") (quoting *Woodall*, 572 U.S. at 419);
*accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective
reasonableness, not the correctness per se, of the state court decision that we are to
decide."). The phrase "clearly established Federal law" encompasses only the
holdings of the United States Supreme Court "as of the time of the relevant state-
court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state court rulings, which demands that state court decisions be given the benefit of the doubt' . . . .") (citations omitted). When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("[A] federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). When the relevant state-court decision is not accompanied with reasons for the decision, the federal court "should 'look through' the unexplained decision to the last related state court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.* "[T]he State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.*

In a *per curiam* decision without a written opinion, the state appellate court on direct appeal affirmed Campbell's convictions and sentences. (Respondent's Exhibit 13). In another *per curiam* decision without a written opinion, the state appellate court affirmed the denial of Campbell's subsequent Rule 3.850 motion for post-conviction relief. (Respondent's Exhibit 31). The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002); *see also Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state law procedural principles to the contrary."); *Bishop v. Warden*, 726 F.3d 1243, 1255-56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even absent an "opinion" or "analysis").

As *Pinholster* explains, review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward looking language requires an examination of the state court decision at the time it was made. It follows that the record under

review is limited to the record in existence at that same time, i.e., the record before the state court.

563 U.S. at 181-82.  Campbell bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.).  The state court's rejection of Campbell's post-conviction claims warrants deference in this case.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Campbell claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).  *Sims* explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as

> to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

155 F.3d at 1305. *Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Campbell must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To meet this burden, Campbell must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and

strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91.  Campbell cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*)  ("To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).  The required extent of counsel's investigation was addressed in *Hittson v. GDCP Warden*, 759 F.3d 1210, 1267 (11th Cir. 2014):

> [W]e have explained that "no absolute duty exists to investigate particular facts or a certain line of defense." *Chandler*, 218 F.3d at 1317.  "[C]ounsel has a duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066 (emphasis added).  "[C]ounsel need not always investigate before pursuing or not pursuing a line of defense.  Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Chandler*, 218 F.3d at 1318.  "In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the

> known evidence would lead a reasonable attorney to investigate
> further." *Wiggins*, 539 U.S. at 527, 123 S. Ct. at 2538.

*See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (confirming that counsel has no duty to raise a frivolous claim).

Under 28 U.S.C. § 2254(d), Campbell must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 106; *see also Pinholster*, 563 U.S. at 202 (An applicant must overcome this "'doubly deferential' standard of *Strickland* and [the] AEDPA."); *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."); *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim—which is governed by the deferential *Strickland* test—through the lens of AEDPA deference, the resulting standard of review is 'doubly deferential.'").

Because the state court correctly recognized that *Strickland* governs each claim of ineffective assistance of counsel, Campbell cannot meet the "contrary to"

test in Section 2254(d)(1).  Campbell instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts.  In determining "reasonableness," a federal application for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry," not an independent assessment of whether counsel's actions were reasonable.  *Putman v. Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001).  The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

**Ground Six**

Campbell contends that Officer Gary Garboski issued a perjured arrest affidavit and the State presented perjured testimony at trial.  Campbell further alleges that the State "rehearsed" its witnesses' testimony but "forgot to instruct [the] witnesses not to mention the rehearsal." (Doc. 1 at 19).  Campbell argues that "[t]his prosecutorial misconduct constitutes a major due process violation and call[s] for a reversal" of his convictions.  (*Id*).

The Respondent correctly asserts that this ground is "conclusory and insufficient" because "Campbell does not identify any specific statements in the arrest affidavit or testimony at trial that he believes constituted perjury." (Doc. 12 at 16).  In his reply, Campbell states he "will concede and not reply to this ground." (Doc. 16 at 9).  Given Campbell's failure to present facts to support this ground, along with his concession in the reply, Ground Six warrants no federal habeas relief.

**Ground Seven**

Campbell presents two separate claims for relief in Ground Seven:  (1) the prosecutor improperly met with all of the State's witnesses at the same time to review their testimony and (2) the trial court improperly allowed the jury to become aware that Campbell's prior conviction involved a firearm.  Campbell alleges that these errors violated his rights to due process and a fair trial.  The state district court of appeal rejected both of these claims in Campbell's direct appeal in a *per curiam* decision without a written opinion.[6]  (Respondent's Exhibit 13).

<u>Prosecutorial Misconduct</u>

Campbell alleges that "the State met with all of its witnesses in one room and went over the evidence together." (Doc. 1 at 20).  He relies on the following excerpt of confidential informant Melvin Burnham's trial testimony on cross examination to support his claim:

> Q: And you had to meet with [the prosecutor] this morning, correct?
> A: Correct.
> Q: And let him know what you were saying on [the audio recording of the drug exchange between Burnham and Campbell], correct?

---

[6] The Respondent argues that both claims in Ground Seven are procedurally barred from federal review because Campbell did not preserve the claims in the trial court. (Doc. 12 at 17-18) When Campbell raised these claims in his direct appeal brief, the State failed to acknowledge or address in its appellate brief the prosecutorial misconduct claim and responded on the merits to the jury instruction claim without asserting a lack of preservation bar. (Respondent's Exhibit 12 at 8) Because the appellate court issued no written opinion, the record contains no "'plain statement' that [the state court's] decision rests upon adequate and independent state grounds." *Harris*, 489 U.S. at 261 (quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983)); *cf., Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir. 1989)  ("This circuit to a point has presumed that when a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default.") (emphasis added). Accordingly, because it is not clear that the state appellate court rejected these claims based on a state procedural bar, the claims are reviewed on the merits. *See, e.g., Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 621 (11th Cir. 2019) (noting that the *Bennett* presumption "only properly applies 'in the absence of any evidence to the contrary'" that the state court resolved a claim on the merits) (quoting *Bennett*, 863 F.2d at 807).

A: No. He just wanted to make sure we all had an understanding. We heard the tape and make sure it refreshes my memory of everything[,] that's what it was, not talking about what he couldn't hear or understand.

Q: I'm sorry, you said that you all met so he could refresh your memory and everyone could understand what was going on?

A: Correct.

Q: Who is we all?

A: Me, Gary Garboski, Ben,[7] and him.

Q: So all of you this morning in one room went over today's evidence together?

A: Yes.

Q: Okay. And that's with [the prosecutor,] Mr. Gale?

A: Which — is that Mr. Gale?

Q: Was [the prosecutor's co counsel] Ms. Matot present as well?

A: Yes.

(Respondent's Exhibit 3, Vol. III, at 176-77).  Campbell argues that "[t]his was apparent prosecutorial misconduct and a violation [his] Due Process [r]ights."  (*Id.*) He further argues that the trial judge's instructions to the jury – (1) "it is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom" and (2) the "witness should not be discredited by talking to a lawyer about his or her testimony" – improperly bolstered the State's witnesses, "especially since the judge failed to point out the difference between a witness talking to a lawyer and all of the witnesses meeting with the lawyer at the same time to coordinate their testimony." (*Id.*)  This particular instruction was taken directly from Florida's Standard Jury Instructions in Criminal Cases.

Upon review, the Court finds that Campbell is unable to demonstrate the requisite prejudice under *Strickland.  See United States ex rel. Clark v. Fike*, 538

---

[7] Officer Benjamin Brown collected evidence after Campbell's arrest and testified at trial about his participation in the case. (Respondent's Exhibit 3, Vol. III, at 264-88).

F.2d 750, 758 (7th Cir. 1976) ("The rule that the prosecution cannot bring all its witnesses together prior to trial to discuss their testimony is one to ensure the credibility of the witnesses. That the witnesses in this case did meet together, and did discuss some aspects of their testimony was a proper subject for impeachment on cross-examination and for comment during closing argument. However, the violation here is not so extreme as to render the witnesses' testimony incredible as a matter of law, nor is it so extreme as to deny the petitioner fundamental fairness in his trial."). Consequently, no relief is warranted upon this ground.

Prior conviction

Before the trial began, the parties agreed to stipulate that Campbell is a convicted felon. (Respondent's Exhibit 3, Vol. II, at 3-4). The trial judge read to the jury the stipulation: "The defendant Roderick Campbell is a convicted felon." (Respondent's Exhibit 3, Vol. III, at 311). The jury was provided a redacted copy of the information that omitted a description of Campbell's prior conviction

> RODERICK W. CAMPBELL, on the 15th day of July, 2007 in the county of Hillsborough and state of Florida, did unlawfully and feloniously own or have in his care, custody, possession, or control, a firearm, the said RODERICK W. CAMPBELL having previously been convicted of a felony in Hillsborough County Circuit Court [. . . ] and during the commission of the offense, the said RODERICK W. CAMPBELL actually possessed a firearm.[8]

---

[8] The trial judge instructed the jury on the felon in possession of a firearm charge as follows (Respondent's Exhibit 3, Vol. IV, at 364-65):
> To prove the crime of Felon in Possession of a Firearm, the State must prove the following two elements beyond a reasonable doubt:
> > 1. Roderick Campbell has been convicted of a felony.
> > 2. After the conviction, Roderick Campbell knowingly owned or had in his care, custody, possession or control a firearm.
> The term "convicted" means that a judgment has been entered in a criminal proceeding by a court pronouncing Roderick Campbell guilty.

(Respondent's Exhibit 35).[9]   Campbell argues that the highlighted phrase —

"possessed a firearm"[10] — refers to his prior felony.  He alleges that this phrase

"placed illegally in the jur[y's] mind[] the thought that the Defendant had

previously demonstrated a propensity to carry a firearm and created prejudice

against the Defendant."  (Doc. 1 at 20).

Taken in context, the phrase "possessed a firearm" refers to the charge for

which Campbell was tried and not to the prior offense.  The state appellate court, by

affirming Campbell's convictions and sentences, neither unreasonably applied

controlling Supreme Court precedent nor unreasonably determined the facts.  28

U.S.C. § 2254(d)(1), (d)(2).  As a result, Ground Seven warrants no relief.

**Ground Eight**

Campbell contends that his trial counsel rendered ineffective assistance by

misadvising Campbell to consolidate his two criminal cases.  He argues that trial

counsel's "advice that the jury would find out about his prior convictions anyway

and that by consolidating the offenses for one trial, [counsel] would be able to use

---

[9] Count one of the original information charges the following (Respondent's Exhibit 2):
> RODERICK W. CAMPBELL, on the 15th day of July, 2007 in the County of
> Hillsborough and State of Florida, did unlawfully and feloniously own or have in his
> care, custody, possession, or control, a firearm, the said RODERICK W. CAMPBELL
> having previously been convicted of a felony in Hillsborough County Circuit Court
> **for the crime of Attempted First Degree Murder on April 10, 1987**, and during
> the commission of the offense, the said RODERICK W. CAMPBELL actually
> possessed a firearm.

The highlighted language was omitted from the copy of the information provided to the jury.
(Respondent's Exhibit 35).

[10] In his application and in his direct appeal brief, Campbell cites the challenged phrase as "with a
firearm." (Doc. 1 at 20 and Respondent's Exhibit 10 at 20).  He attached to his direct appeal brief a
copy of the redacted information and specifically highlighted the words "possessed a firearm" as the
basis for his claim of error. (Respondent's Exhibit 10, Ex. A).  Campbell's citation to the words "with
a firearm" appears to be his own interpretation of the charging document.

testimony from the drug offenses in defense of the firearm possession charge and

that consolidating the trials could have no negative [e]ffect on a motion to suppress

the firearm was erroneous advice which caused [him] to waive his constitutional

rights associated with, and to a bifurcated (separate) trial on, the felon in

possession of a firearm charge." (Doc. 1 at 22).  In his reply Campbell alleges that

the consolidation was "highly prejudicial" because, if he had had separate trials, he

"could have proceeded to file his motion to suppress the firearm based on probable

cause to detain and arrest after acquittal on the drug charges." (Doc. 16 at 11).

Campbell argues that "[t]rial counsel's misadvice to consolidate the two cases is

clearly a violation of the Petitioner's constitutional right to effective counsel, a fair

and impartial trial and substantial [sic] and procedural due process of law." (*Id.* at

12).

 The state post-conviction court denied this ground of ineffective assistance of

counsel as follows:

> [T]he Defendant alleges counsel was ineffective for recommending a
> consolidation of his two cases for trial and for advising him to stipulate
> to being a convicted felon. The Defendant alleges counsel stated the
> jury would be advised of his prior record regardless of whether he
> chose to testify and she would use testimony relating to the drug
> charges to discredit law enforcement officers' testimony on the felon in
> possession of a firearm offense. The Defendant asserts that if the cases
> had not been consolidated, the jury would not have been advised of his
> prior felony conviction.
>
> A review of the record indicates that prior to trial, counsel for
> Defendant advised the Court that Defendant was requesting a
> consolidation of his two cases. The trial judge stated that counsel had
> informed the Court that at Defendant's request she had moved to
> consolidate the cases for trial. The judge asked if that was what he
> wanted and Defendant replied, "Yes, sir." The judge advised the

> Defendant that he had a right to two trials, and if he chose to
> consolidate his cases, the State would be permitted to introduce
> evidence that Defendant had previously been convicted of a felony. It
> appears from the record that the cases were consolidated at the
> Defendant's request and the Court made a sufficient inquiry. As such,
> the Defendant is not entitled to relief . . . .

(Respondent's Exhibit 19 at 2) (court's record citations omitted).  Upon review, the

Court finds the reasoning of the post-conviction court to be correct, and that the

cases were consolidated upon Defendant's own request.  As such, Campbell fails to

meet his burden of proving that the state court unreasonably applied *Strickland* or

unreasonably determined the facts by rejecting this ground.  28 U.S.C. § 2254(d)(1),

(d)(2).

## Ground Nine

Campbell contends that his trial counsel rendered ineffective assistance and

violated his rights to due process and a fair trial by not moving to suppress the

firearm based on a lack of probable cause.  Campbell alleges that "[t]he police gave

inconsistent testimony in regards to who made reports on the firearm" and that

"[t]here was no fingerprint or DNA on the gun connecting the gun to the Petitioner."

(Doc. 16 at 12-13).

The state post-conviction court denied this ground of ineffective assistance of

counsel as follows:

> [T]he Defendant alleges counsel was ineffective for failing to file a
> motion to suppress. The Defendant alleges law enforcement lacked
> probable cause to arrest the Defendant because the officers did not
> witness a transaction and the audio tape does not reflect a transaction
> occurred. As noted above, "[p]robable cause is not the same standard as
> beyond a reasonable doubt and the 'facts constituting probable cause
> need not meet the standard of conclusiveness and probability required

of the circumstantial facts upon which a conviction must be based."
*Catt*, 839 So. 2d at 759.

At trial, Melvin Burnham, a confidential informant for the Tampa
Police Department, testified that, at the direction of Officer Garboski,
he purchased three pieces of crack cocaine from the Defendant during
a "buy bust." Mr. Burnham then said, "Deal is done. Move in. Move
in.," the signal he was to give when the transaction was completed.
Officer Garboski testified that he was watching from a distance as Mr.
Burnham and the Defendant made an exchange. Although he was
unable to see what had been exchanged due to his distance, he saw Mr.
Burnham walk away and give the signal that the deal was done. The
Court finds that based on the testimony at trial, officers had probable
cause to arrest the Defendant and, therefore, he has failed to
demonstrate counsel performed deficiently by failing to file a motion to
suppress on that ground. Consequently, the Court will deny this claim.

(Respondent's Exhibit 16 at 4) (court's record citations omitted).

Upon review, the Court finds that the trial court correctly denied the claim.

The record supports that counsel was not ineffective for failing to move to suppress

the firearm because there was probable cause to arrest Campbell. Consequently,

Campbell fails to meet his burden of proving that the state court unreasonably

applied *Strickland* or unreasonably determined the facts by rejecting this ground.

28 U.S.C. § 2254(d)(1), (d)(2).

**Ground Ten**

Campbell contends that his trial counsel rendered ineffective assistance by

not objecting to the jury receiving a copy of the information which allegedly included

a reference to the use of a firearm in a prior offense. The state post-conviction court

denied this ground of ineffective assistance of counsel as follows:

[T]he Defendant alleges counsel was ineffective for failing to request
that the phrase "and during the commission of the offense, the said
Roderick W. Campbell actually possessed a firearm" be redacted from

the copy of the charging document provided to the jury. The Defendant
alleges that the phrase informed the jury that his prior conviction
involved the possession of a firearm. However, the Court finds the
phrase "and during the commission of the offense, the said Roderick W.
Campbell actually possessed a firearm" refers to the instant Felon in
Possession of a Firearm charge. After the jury found the Defendant
guilty of Felon in Possession of a Firearm, they were required to
determine whether he actually or constructively possessed the firearm.
Therefore, the Defendant has failed to demonstrate counsel performed
deficiently and he is not entitled to relief on this ground.

(Respondent's Exhibit 16 at 5) (court's record citations omitted).  Upon review, the

Court finds that the trial court correctly found that trial counsel was not ineffective

because the phrase "and during the commission of the offense, the said Roderick W.

Campbell actually possessed a firearm" referred to the instant felon in possession of

a firearm charge rather than his prior conviction.  As a result, Campbell fails to

meet his burden of proving that the state court either unreasonably applied

*Strickland* or unreasonably determined the facts by rejecting this ground.  28

U.S.C. § 2254(d)(1), (d)(2).

**Ground Eleven**

Campbell contends that his trial counsel rendered ineffective assistance by

not investigating or discovering two witnesses who could have provided testimony

favorable to the defense.  Campbell alleges that his trial counsel deposed both

Officer Garboski and Officer Evers who each disclosed in their testimony that they

were accompanied by their police partners.  Campbell claims that after he read the

depositions and discovered the names of each partner (Sessler Pickett and Matthew

Dalynski, respectively), he asked trial counsel to depose both partners "because he

felt the State was intentionally trying to withhold these witnesses' names because

their testimony would not help the State's case." (Doc. 1 at 25).  More specifically, Campbell argues that he told trial counsel that (1) "Officer Pickett's testimony would demonstrate that he did not see any crime committed by the defendant on July 15, 2007," and (2) "that Officer D[alynski]'s testimony would demonstrate that he did not see any firearm retrieved from the Defendant by Officer Evers." (*Id.*) According to Campbell, testimony from Officers Pickett and Dalynski would have discredited the testimony of both Officer Garboski and Officer Evers.

The state post-conviction court denied this ground of ineffective assistance of counsel after an evidentiary hearing as follows:

> Defendant alleges counsel was ineffective for failing to depose and call Officer Pickett to testify at trial. Defendant asserts that Officer Pickett would have testified that he did not see Defendant commit a crime. At the evidentiary hearing, Corporal Selser Pickett testified that he witnessed the Defendant conduct a hand to hand exchange with the informant but he could not see the items that were exchanged. Corporal Pickett also testified that he did not see a firearm during the transaction but he arrived at the location after Defendant was placed in handcuffs. He testified that he was informed that other officers on the scene removed a firearm from the small of Defendant's back.
>
> [Trial counsel] testified that Defendant had admitted to her prior to trial that he conducted the transaction and that he had possession of a firearm at the time. [Trial counsel] stated that she knew Corporal Pickett was watching the transaction through binoculars. She testified that the audio recording of the transaction was very poor and their defense focused heavily on inconsistencies in the officers' testimony. She stated she did not depose Corporal Pickett because she was afraid his testimony would substantiate the State's case and undermine her defense strategy. The Court finds [trial counsel]'s testimony credible. After considering the motion, testimony presented at the evidentiary hearing, and the record, the Court finds counsel's decision not to depose and call Corporal Pickett was reasonable trial strategy and Defendant is not entitled to relief on this claim.

The Defendant also alleges . . . that counsel was ineffective for failing
to depose and call Officer Dalynski to testify at trial. The Defendant
alleges Officer Dalynski would have testified that no firearm was ever
recovered from Defendant.

At the evidentiary hearing, [trial counsel] testified that Officer
Dalynski was not mentioned in the police reports or in any deposition
and he was never listed in the State's discovery. She stated she first
learned of Officer Dalynski's presence during trial. [Trial counsel]
further testified that even if she had known about Officer Dalynski
prior to trial, she could not say for sure that she would have deposed
him. The Defendant had admitted to her that he conducted the
transaction and had possession of a firearm and [trial counsel] did not
want another officer testifying to these facts. Officer Dalynski did not
testify at the evidentiary hearing. After considering the motion, the
testimony presented at the hearing, and the record, the Court finds
Defendant has failed to meet his burden regarding this claim. As such,
he is not entitled to relief.

(Respondent's Exhibit 27 at 2-3).

The AEDPA "erects a formidable barrier to federal habeas relief for prisoners

whose claims have been adjudicated in state court." *Daniel v. Comm'r, Ala. Dep't of*

*Corr.*, 822 F.3d 1248, 1260 (11th Cir. 2016).   A question of the credibility and

demeanor of a witness is a question of fact.   *See Consalvo v. Sec'y for Dep't of Corr.*,

664 F.3d 842, 845 (11th Cir. 2011) (citing *Freund v. Butterworth*, 165 F.3d .939, 862

(11th Cir. 1999) (*en banc*)).   Under Section 2254(e)(1), "[f]ederal habeas courts

generally defer to the factual findings of state courts, presuming the facts to be

correct unless they are rebutted by clear and convincing evidence." *Jones v. Walker*,

540 F.3d 1277, 1288 n.5 (11th Cir. 2008) (*en banc*); *see also Devier v. Zant*, 3 F.3d

1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts

and assessments of witness credibility are . . . entitled to the same presumption

accorded finding of fact under 28 U.S.C. § 2254(d).").   "Determining the credibility of

witnesses is the province and function of state courts, not a federal court engaging

in habeas review.  Federal habeas courts have 'no license to redetermine credibility

of witnesses whose demeanor was observed by the state court, but not by them.'"

*Consalvo*, 664 F.3d at 845 (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434

(1983)).

This deference applies to a credibility determination that resolves conflicting

testimony.  *See Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We

must accept the state court's credibility determination and thus credit [the

attorney's] testimony over" the applicant's testimony.).  The deference is heightened

when reviewing a credibility determination in a Section 2254 application.  *Gore v.

Sec'y, Dep't of Corr.*, 492 F.3d 1273, 1300 (11th Cir. 2007); *accord Kurtz v. Warden,

Calhoun State Prison*, 541 F. App'x 927, 929 (11th Cir. 2013) ("'A certain amount of

deference is always given to a trial court's credibility determinations' and a

credibility determination in a case on habeas review receives heightened

deference.") (quoting *Gore*, 492 F.3d at 1300).  The state court's credibility

determination is presumed correct.  *See Rice v. Collins*, 546 U.S. 333, 341-42 (2006)

("Reasonable minds reviewing the record might disagree about the [witness]'s

credibility, but on habeas review that does not suffice to supersede the trial court's

credibility determination.").

As to Officer Pickett, the state post-conviction court's credibility

determination regarding trial counsel's decision to not depose him is entitled to

deference by this Court.  As to Officer Dalynski, the state post-conviction court

accepted trial counsel's assessment that she likely would not have deposed the officer because "she did not want another officer testifying," which assessment is bolstered by counsel's testimony regarding Corporal Pickett and counsel's concern about having another officer "substantiate the State's case and undermine her defense strategy." The state court's credibility determinations bind this Court. As a result, the Court finds that counsel was not deficient for failing to call these witnesses. Campbell fails to meet his burden of proving that the state court unreasonably applied *Strickland* or unreasonably determined the facts by rejecting this ground. 28 U.S.C. § 2254(d)(1), (d)(2).

## Ground Twelve

Campbell contends that his trial counsel rendered ineffective assistance by not objecting when the trial judge allegedly failed to read in its entirety the jury instruction on carrying a concealed firearm. Specifically, Campbell alleges that during the charge conference both the State and defense counsel agreed to eliminate from the instruction the definition of a "concealed firearm." Campbell argues that "[t]he Florida Standard Jury Instruction on carrying a concealed firearm directs that the definition of 'concealed firearm' be defined to the jury from section 790.001, FS." (Doc. 1 at 26). Campbell claims that trial counsel's failure to object to the omission of this definition from the jury instruction in his case deprived him of the effective assistance of counsel.

The state post-conviction court denied this ground of ineffective assistance of counsel as follows:

> [T]he Defendant alleges counsel was ineffective for agreeing to
> eliminate the definition of concealed firearm from the jury instructions.
> At trial, the judge asked both the prosecutor and defense counsel if
> they would object to omitting the definition of concealed firearm from
> the jury instructions, reasoning the definition is already included in
> the elements of the offense. To be found guilty of Carrying a Concealed
> Firearm, the State was required to prove that the Defendant
> knowingly carried on or about his person a firearm, and the firearm
> was concealed from the ordinary sight of another person. Section
> 79.001 of the Florida Statutes defines a concealed firearm as "any
> firearm . . . which is carried on or about a person in such a manner as
> to conceal the firearm from the ordinary sight of another person." The
> Court finds that the Defendant has failed to demonstrate how he was
> prejudiced by the removal of the definition of a concealed firearm when
> it was included in the elements of the offense. As such, the Defendant
> is not entitled to relief on this claim.

(Respondent's Exhibit 16 at 6) (court's record citations omitted).

Upon review, the Court finds that the record supports the post-conviction
court's rejection of this ground.  In his reply Campbell states he "will concede and
not reply to this ground."  (Doc. 16 at 16).  Accordingly, Ground Twelve warrants no
federal habeas relief.

**Ground Thirteen**

Campbell contends that his trial counsel rendered ineffective assistance by
not objecting to the prosecutor "committing perjury and fraud upon the court" by
swearing under oath that testimony taken from a material witness, Officer Evers,
had itself been taken under oath when, in fact, it had not.  In his reply Campbell
alleges that "had trial counsel filed a motion to dismiss based on the fact that the
officer writing the probable cause affidavit was not a material witness[,] the charges
would have been dismissed."  (Doc. 16 at 17).  Campbell claims that trial counsel's
failure to both object and file a pretrial motion to dismiss resulted in "a violation of

the Petitioner's constitutional right to effective counsel, a fair and impartial trial[,]

and substantial [sic] and procedural due process of law." (*Id.*)

The state post-conviction court denied this ground of ineffective assistance of

counsel as follows:

> [T]he Defendant alleges counsel was ineffective for failing to object or
> move to dismiss the information in cases 07 CF 14574 and 07 CF
> 16460 when the State failed to obtain sworn testimony from a material
> witness as required by Florida Rule of Criminal Procedure 3.140(g).
> The Court dismissed this claim without prejudice for the Defendant to
> file a facially sufficient claim. The Defendant filed his Amended Motion
> for Postconviction Relief on June 6, 2012. The Defendant alleges
> Officer Evers, the arresting officer and only material witness to his
> firearm possession charges, was required to provide the testimony. The
> Defendant asserts that Officer Evers admitted he never wrote a report
> or signed the criminal report affidavit. However, the Assistant State
> Attorney certified in the information that he received sworn testimony
> from a material witness. Additionally, Officer Garboski, who was
> present and witnessed the buy bust operation and Defendant's arrest,
> swore to the facts alleged in the criminal report affidavit.[11] Defendant
> has failed to demonstrate how counsel should have known to file in
> good faith a motion to dismiss the information on the grounds that no
> sworn testimony was received by a material witness. As such, [this]
> ground . . . is denied.

(Respondent's Exhibit 19 at 3) (court's record citations omitted).

Upon review, the Court finds that the post-conviction court correctly found

that counsel was not ineffective where the Assistant State Attorney certified in the

information that he received sworn testimony from a material witness, and Officer

Garboski – who was present and witnessed the offense and arrest – swore to the

facts alleged in the criminal report affidavit. Consequently, Campbell fails to meet

---

[11] Attached to the state post-conviction court's order denying this ground of ineffective assistance of
counsel is a copy of Officer Garboski's criminal report affidavit in which he swears to the facts
included in the probable cause statement. (Respondent's Exhibit 19).

his burden of proving that the state court unreasonably applied *Strickland* or unreasonably determined the facts by rejecting this ground.  28 U.S.C. § 2254(d)(1), (d)(2).

## Ground Fourteen

Campbell contends that his trial counsel rendered ineffective assistance by not objecting to the prosecutor "fraudulently invoking" the state court's subject matter jurisdiction.  In his reply Campbell alleges that trial counsel "should have discovered that the charging informations in this case were fatally defective" because "no reports were made by the arresting officer (Officer Evers) and the officer that filed the probable cause affidavit (Officer Garboski) was not involved in the arrest or a material witness to the firearm offense."  (Doc. 16 at 17).  Campbell asserts that trial counsel's alleged error resulted in a violation of his right to due process.

The state post-conviction court denied this ground of ineffective assistance of counsel as follows:

> [T]he Defendant alleges counsel was ineffective for failing to object to the Court's lack of subject matter jurisdiction. The Defendant alleges the State failed to receive a sworn statement from a material witness as required by rule 3.140(g). The Defendant alleges Officer Evers, the only material witness, was required to either draft the criminal report affidavit or provide a written or transcribed statement to be affixed to the criminal report affidavit or arrest report. Rule 3.140(g) requires that the prosecutor receive testimony under oath from a material witness prior to filing the information. This rule neither requires this testimony to be written or affixed to the criminal report affidavit or arrest report. Further, because a claim that the prosecutor failed to receive sworn testimony from a material witness is waived if not raised before the defendant enters a plea to the merits of the charge, the Court finds that failure to receive such testimony would not affect the

Court's subject matter jurisdiction. *See* Fla. R. Crim. P. 3.140(g); *Logan v. State*, 1 So. 3d 1253, 1255 (Fla. 4th DCA 2009); *Carbajal v. State*, 75 So. 3d 258, 263 (Fla. 2011) (finding it illogical to conclude that an unauthorized signature on an information strips the circuit court of subject matter jurisdiction when a complete lack of signature may be waived by the defendant). Therefore, the Defendant is not entitled to relief on this claim.

(Respondent's Exhibit 16 at 7) (court's record citations omitted).

A circuit court in Florida has subject matter jurisdiction over a felony case. § 26.012(2)(d), *F.S.*; *see also Carbajal*, 75 So.2d at 262.  Rule 3.140(g), Florida Rules of Criminal Procedure, requires that the state attorney or a designated assistant state attorney sign a felony information under oath affirming good faith in instituting the prosecution and certifying the receipt of testimony under oath from the material witness or witnesses to the offense.  Before the filing of the informations in Campbell's case, a criminal report affidavit was filed describing the factual basis for Campbell's arrest.[12]  Officer Garboski, who operated the recording device worn by the confidential informant and personally observed Campbell's arrest by Officer Evers, signed the criminal report affidavit upon being sworn by another officer.[13] Officer Garboski verified, "I swear the above statements are correct to the best of

---

[12] The criminal report affidavit includes the following factual basis to establish probable cause for Campbell's arrest (Respondent's Exhibit 19, attachment to state post-conviction court's order denying in part Campbell's Rule 3.850 motion):

> Def[endant] sold a TPD CI (3) crack rocks for twenty dollars. . . . Once the deal was done we moved in and arrested the Def[endant]. He had the buy money in his right front pocket. The Def[endant] had (2) additional rocks in his cigarette pack. The Def[endant] had a fully loaded Jennings 9mm. The substance that was sold field tested positive by Ofc. Brown. The Def[endant] is a convicted felon and been in prison for various felonies including homicide. . . . The firearm was concealed in the Def[endant's] waistband.

[13] Florida law provides that a law enforcement officer is authorized to administer an oath when engaged in the performance of official duties. *See* § 117.10, *F.S.*  The affidavit shows that Officer Garboski's statements were "sworn and subscribed" to Officer S. Pickett, an officer authorized to administer an oath.

my knowledge." "The fellow officer rule provides a mechanism by which officers can rely on their collective knowledge to act in the field. Under this rule, the collective knowledge of officers investigating a crime is imputed to each officer and one officer may rely on the knowledge and information possessed by another officer to establish probable cause." *State v. Bowers*, 87 So. 3d 704, 707 (Fla. 2012).

Campbell fails to show that a statement from Officer Evers was required in order to confer subject matter jurisdiction upon the trial court. Consequently, counsel had no basis to object to the trial court's subject matter jurisdiction. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (stating that trial counsel has no duty to raise a frivolous claim). Campbell fails to meet his burden of proving that the state court either unreasonably applied *Strickland* or unreasonably determined the facts by denying this ground of ineffective assistance of counsel. 28 U.S.C. § 2254(d)(1), (d)(2).

Accordingly, Campbell's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk must enter a judgment against Campbell and **CLOSE** this case.

## <u>DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY<br>AND LEAVE TO APPEAL IN FORMA PAUPERIS</u>

Campbell is not entitled to a certificate of appealability ("COA"). Under Section 2253(c)(1), a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the

applicant has made a substantial showing of the denial of a constitutional right."
To merit a COA, Campbell must show that reasonable jurists would find debatable
both the merits of the underlying claims and the procedural issues he seeks to raise.
*See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that
reasonable jurists would debate either the merits of the claims or the procedural
issues, Campbell is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis*
is **DENIED**.  Campbell must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 1st day of
June, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**