UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RODERICK W. CAMPBELL**

    Petitioner,

v.                                       Case No. 8:16-cv-2189-T-02CPT

**SECRETARY, Department of Corrections,**

    Respondent.

_____/

## ORDER DENYING MOTION FOR RECUSAL AND MOTION FOR RELIEF FROM ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Mr. Campbell moves for the undersigned to recuse himself from this case and moves for relief from the order denying his federal habeas petition. (Dkts. 40, 41). Upon review, both motions are denied.

**Motion for Recusal (Dkt. 40)**

Mr. Campbell accuses the undersigned of engaging in plagiarism and moves for the undersigned "to recuse himself from any and all further involvement in these proceedings for engaging in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . ." (Dkt. 40 at 1). Mr. Campbell's motion is based on the following facts.

Mr. Campbell filed his federal habeas petition in July 2016. (Dkt. 1). In August 2019 the case was reassigned to Judge Thomas Barber. (Dkt. 28). On June 1, 2020, Judge Barber entered an order denying Mr. Campbell's federal petition. (Dkt. 31). Judge Barber subsequently discovered he had participated in the underlying criminal case while he was a state court judge, noting that he had played a "minor role" in part of Petitioner's postconviction proceedings in state court. (Dkt. 33).[1] Accordingly, on June 2, 2020, Judge Barber withdrew the order denying the petition and the judgment against Mr. Campbell was vacated. (Dkt. 33).

The case was then randomly reassigned to the undersigned. After undertaking a thorough independent review of the pleadings and the record, the undersigned denied Mr. Campbell's petition on June 30, 2020. (Dkt. 38). This independent, thorough review by the undersigned took place in mid-June 2020. The undersigned did not confer or consult with Judge Barber on the matter. However, Judge Barber's prior, withdrawn Order appropriately addressed the claims in the undersigned's view, had no relationship to the minor role Judge Barber had played earlier, and was utilized by the undersigned after the undersigned's full case review, as it was thorough, and correct.

---

[1] Mr. Campbell points out that in 2019 he filed a "Certificate of Interest" in which he advised that Judge Barber participated in his state post-conviction proceedings. (Dkt. 29). It appears that this pleading was unintentionally overlooked as the case progressed.

Mr. Campbell now accuses the undersigned of bias and plagiarism, arguing that the undersigned "simply did not have enough time to properly review the record of the proceedings and render the order that was rendered in the same format, using identical language, in pages upon pages . . . unless he plagiarized it from the Barber Order."  (Dkt. 40 at 7).  Petitioner was entitled to a thorough and independent review of the record by the undersigned.  That is what he got.

Title 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The purpose of section 455(a) is to "promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).  Title 28 U.S.C. § 455(b)(1) provides that a judge shall recuse himself where he has a personal bias or prejudice concerning a party.  *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988), explains:

> A judge should disqualify himself only if a reasonable person would question his impartiality, or if he has a personal bias against a party. The bias must arise from an extrajudicial source, except in the rare case "where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." [*Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 517 F.2d 1044, 1051 (5th Cir. 1975), *cert. denied*, 425 U.S. 944 (1976)].  A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations.  *United States v. Greenough*, 782 F.2d 1556, 1558–59 (11th Cir. 1986).

"In keeping with the aim of promoting confidence in the judiciary by avoiding even the appearance of impropriety whenever possible, recusal under § 455(a) turns on whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *In re Moody*, 755 F.3d 891, 894 (11th Cir. 2014) (*per curiam*) (brackets, citations, and internal quotation marks omitted). "Indeed, 'a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.'" *Moody*, 755 F.3d at 895 (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)).

To satisfy the requirements of section 455(a), a party seeking recusal must provide a factual basis, and not merely allegations, that evince partiality. *United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999); *Weatherhead v. Globe Int'l Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [section 455] need not be taken as true."). The reasons proffered by Mr. Campbell are unsubstantiated and do not warrant recusal under 28 U.S.C. § 455. Mr. Campbell does not provide any evidence that the undersigned had any personal bias against him, nor does he show how any alleged personal bias affected any rulings. Because Mr. Campbell presents only speculative and unsupported allegations of partiality, his motion for recusal will be denied. *See Cerceda*, 188 F.3d at 1292.

**Motion for relief from order denying federal petition (Dkt. 41)**

Mr. Campbell moves under Federal Rule of Civil Procedure 60(b) for relief from the order denying his federal habeas petition. Mr. Campbell bases his motion on the same allegations presented in his motion for recusal. More specifically, he argues that the "Jung Order" denying his federal habeas petition is "void because the order . . . was originally authored by the judge who recused himself from the case [Judge Barber] and Judge Jung simply adopted a large portion of the tainted Barber Order; in so doing, this Court acted in a manner that is inconsistent with due process of law." (Dkt. 41 at 9). Citing Rule 60(b)(6),[2] Mr. Campbell claims that "[b]ased on the extraordinary circumstances we have here," he is entitled to relief. (Dkt. 41 at 8).

> Relief from "judgment under Rule 60(b)(6) is an extraordinary remedy." *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) (citing *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987)). Consequently, relief under Rule 60(b)(6) requires showing "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950)). "Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (quoting *Booker*, 90 F.3d at 442).

---

[2] Mr. Campbell premises his motion on "extraordinary circumstances" under Rule 60(b)(6). In his motion Mr. Campbell also cites Rule 60(b)(1) and 60(b)(4). To the extent that he asserts either provision as a separate basis for relief, he cannot prevail because he does not satisfy the requirements for relief under either provision.

*Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014). *Gonzalez* notes that the "extraordinary circumstances" warranting the reopening of a judgment "will rarely occur in the habeas context." 545 U.S. at 535.

Mr. Campbell fails to establish an "extraordinary circumstance" justifying the reopening of his federal habeas case. He presents no evidence showing that the undersigned either failed to conduct an independent and thorough review of his case or denied the federal petition based on any bias or influence from Judge Barber. Because he fails to satisfy the requirements under Rule 60(b)(6), Mr. Campbell is not entitled to relief.

Accordingly, Mr. Campbell's motion for recusal (Dkt. 40) is **DENIED** and his motion for relief from the order denying his federal habeas petition (Dkt. 41) is **DENIED**. The Court has considered the standard for a certificate of appealability, *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); s*ee also Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 2017) (noting that a certificate of appealability is "required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 or § 2255 proceeding."). A certificate of appealability is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on August 13, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

6